# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| E³ BIOFUELS-MEAD, LLC, | ) | |
| f/k/a NEBRASKA BIOCLEAN-MEAD, LLC, | ) | |
| and MEAD CATTLE COMPANY, LLC, | ) | |
| f/k/a NEBRASKA BIOCLEAN, LLC, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-2343-KHV |
| v. | ) | |
| | ) | |
| QA3 FINANCIAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

E³ Biofuels-Mead, LLC ("Biofuels") and Mead Cattle Company, LLC ("Mead Cattle"), bring suit against QA3 Financial Corporation ("QA3").  Plaintiffs seek a declaratory judgment that they are not liable to QA3 for breach of contract, misrepresentation, securities fraud, constructive fraud or conversion.  QA3 asserts counterclaims against Mead Cattle and Biofuels for quantum meruit, promissory estoppel and civil conspiracy, and against Mead Cattle for breach of contract.  Third-party defendants Agribusiness and Food Associates, LLC, Mark Lakers, Chalkstone Consulting, LLC and David Neubauer assert claims against Biofuels and Mead Cattle for quantum meriut and promissory estoppel. This matter is before the Court on the parties' Joint Motion To Stay (Doc. #84) filed January 29, 2008.  For reasons set forth below, the Court finds that the motion should be sustained.

On November 30, 2007, Biofuels filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the District of Kansas, Case No. 07-22733.  The parties assert that the automatic stay provision, 11 U.S.C. § 362, precludes the Court from proceeding in this case until the Bankruptcy Court lifts the stay.

Section 362(a) provides in relevant part as follows:

[a petition in bankruptcy] operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title.

District courts retain jurisdiction to determine whether the stay applies to litigation pending before them, and to enter orders not inconsistent with the terms of the stay. Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990) (automatic stay does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding); see Brock v. Morysville Body Works, Inc., 829 F.2d 383, 387 (3d Cir. 1987); Hunt v. Bankers Trust Co., 799 F.2d 1060, 1069 (5th Cir. 1986); In re Baldwin-United Corp. Litig., 765 F.2d 343, 347 (2d Cir. 1985); see also In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig., 140 B.R. 969, 973 (N. D. Ill. 1992) (automatic stay requires interpretation, including whether continuation of judicial action or proceeding against debtor includes declaratory judgment actions filed by debtor).

Section 362(a)(1) forbids continuation of an "action or proceeding *against* the debtor." (emphasis added).  Biofuels' suit against QA3 is not an action *against* the debtor.  See In re Mahurkar, 140 B .R. at 975; see Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 9 (1980).  All proceedings in single case, however, are not lumped together for purposes of automatic stay analysis.  See Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1992). In multiple claim and multiple party litigation, the Court must analyze claims, counterclaims, crossclaims and third-party claims to determine which are subject to the bankruptcy stay.  Id. Here, the automatic stay clearly bars the counterclaims and third party claims for damages *against* Biofuels.  On its face, however, Biofuels' claim for declaratory judgment is not an action "against" the debtor under Section 362(a)(1).  See In re Mahurkar, 140 B.R. at 975; Northbrook Nat'l Ins. Co.,

- 2 -

493 U.S. at 9.  Literally applying Section 362(a), the Court could proceed on Biofuels' declaratory judgment action as if no bankruptcy proceeding were pending.  See In re Mahurkar, 140 B.R. at 975. The rationale behind Section 362(a)(1), however, is to distinguish actions against a debtor from actions by the debtor because actions by the debtor usually produce recovery for the bankruptcy estate or at worst leave its value unaffected.  Id. (no-risk cases with debtor in control do not present concerns that lead to collective proceedings, such as races among creditors to dismember assets or jump the priority queue).  Here, Biofuels' declaratory judgment action exposes the bankruptcy estate to the same risk as the counterclaims and third-party claims.  As noted, the automatic stay bars litigation on the counterclaims and third-party claims against Biofuels, and the Court finds that all other proceedings in the case should be stayed as well.

IT IS THEREFORE ORDERED that the Joint Motion To Stay (Doc. #84) filed January 29, 2008 be and hereby is SUSTAINED.

IT IS FURTHER ORDERED that litigation on the counterclaims and third-party claims for damages against Biofuels is stayed by virtue of Section 362(a) until it expires or the Bankruptcy Court modifies the stay.

IT IS FURTHER ORDERED that litigation on all other proceedings in this case shall be stayed so long as the automatic stay bars litigation of the counterclaims and third-party claims seeking damages against Biofuels.

**IT IS FURTHER ORDERED** that all pending motions are **OVERRULED** without prejudice to refiling after the stay is lifted.

Dated this 21st day of February, 2008 at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge